```
02D03-2403-CT-000228                          Filed: 3/28/2024 5:19 PM
                                                                 Clerk
Allen Superior Court 3                           Allen County, Indiana
                                                                   KG
```

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

| ERIN DODSON, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| CLOROX MANUFACTURING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, Erin Dodson, by counsel, allege against Defendant, Clorox Manufacturing Company, as follows:

### I. PARTIES

1. Plaintiff's resident is in Fort Wayne, Indiana, at all relevant times to this Complaint.

2. Defendant is a Delaware for-profit corporation with its principal place of business at 1221 Broadway, Oakland, California, 94612, at all relevant times to this Complaint.

### II. INTRODUCTION

3. At all relevant times to this Complaint, Defendant is a chemical manufacturer who manufactures different products for consumers around the world.

4. At all relevant times to this Complaint, one such product Defendant manufactures is called Natural Vitality Calm Magnesium Supplement.

5. At all relevant times to this Complaint, Defendant is a manufacturer under Indiana's Product Liability Act, codified in Indiana Code § 34-20-2, *et seq.*

6. Defendant has violated Indiana's Product Liability Act by selling a defective product to Plaintiff.

7. Defendant has negligently inflicted emotional distress upon Plaintiff due to their defective product causing emotional distress.

8. Plaintiff seeks declaratory, injunctive, compensatory, economic and other relief against Defendant to redress violations of Plaintiff's statutory and common law rights.

### III. JURISDICTION AND VENUE

9. This Court has specific jurisdiction for the causes of action alleged herein under Indiana's Long-Arm Statute, codified in Indiana Trial Rule 4.4(A)(1)(3).

10. Venue is proper in this Court under Indiana Trial Rule 75(A)(10).

### IV. FACTUAL ALLEGATIONS

11. Defendant is a chemical company making various products that are sold throughout the world. Defendant manufactures these products and sends them into the stream of commerce to be sold to consumers similar to Plaintiff.

12. Defendant has been providing mood support products since 1982. One of the products Defendant manufactures is called Natural Vitality Calm. The product promotes mental well-being, including keeping your brain healthy, focused and calm and getting a good night's sleep.

13. On or about December 20, 2022, Plaintiff and her son were in possession of a container of the Natural Vitality Calm Magnesium Supplement manufactured by Defendant. Plaintiff used the scoop provided in the container to put the powder in a water bottles for her and her son.

14. On or about the same day, Plaintiff consumed the Natural Vitality Calm Magnesium Supplement trying to ease tension and relieve stress. A circular piece of plastic that came from the Natural Vitality Calm Magnesium Supplement container was in the water bottle. The piece of plastic became lodged in Plaintiff's throat.

15. Plaintiff immediately began choking and was unable to breathe. Plaintiff's son called 911. While waiting for the EMS, Plaintiff attempted to cough or gag to dispel the piece of plastic from her throat. Upon the EMS's arrival, Plaintiff was placed onto a stretcher where she was finally able to expel the piece of plastic as the EMS was transporting her to the EMS vehicle.

16. Since that day, Plaintiff has suffered recurring nightmares of choking. These nightmares occur semiweekly to weekly. Plaintiff has had to resort to taking 25mg of hydroxyzine to to assist with sleeping.

17. On or about September 9, 2023, Plaintiff went to her primary care physician. During the doctor's visit, Plaintiff described the events from on or about December 20, 2022. After describing the events, her doctor diagnosed her with post-traumatic stress disorder from the events on or about December 20, 2022. Plaintiff's doctor did a neuroemotional technique to try and reset the memory into her auditory memory so that her body could deal with the stress and put the events on or about December 20, 2022, to rest. Unfortunately, the nightmares and stress continue.

## V.   CLAIMS FOR DAMAGES

### COUNT ONE: DEFECTIVE PRODUCT

18. Plaintiff incorporates paragraphs 1 through 17 by reference herein.

19. Defendant manufactures and sells its Natural Vitality Calm Magnesium Supplement in powder form to consumers in Indiana. Plaintiff was a foreseeable consumer of Defendant's Natural Vitality Calm Magnesium Supplement. Defendant had a duty to ensure its product was free from all defects.

20. When Defendant put its Natural Vitality Calm Magnesium Supplement into the stream of commerce, the product is not changed or altered after being manufactured by Defendant.

21. Defendant's Natural Vitality Calm Magnesium Supplement Plaintiff consumed was defective and unreasonably dangerous when she purchased it because it contained a piece of plastic within the powder separate from the scoop used to put the powder in a water bottle.

22. Due to Defendant's Natural Vitality Calm Magnesium Supplement containing the piece of plastic being in the container, the piece of plastic became lodged in Plaintiff's throat. Plaintiff was unable to breathe and choked on the piece of plastic until she was able to expel it.

23. Defendant breached its duty to provide a product free from defects. Defendant's defective product was the proximate cause of Plaintiff's injuries.

24. Plaintiff has suffered economic harm that includes, but is not limited to, medical bills. Plaintiff has suffered emotional harm as she has recurring nightmares of choking.

25. Plaintiff seeks compensatory damages and all other damages available by law.

**COUNT TWO: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

26. Plaintiff incorporates paragraphs 1 through 17 by reference herein.

27. Defendant's Natural Vitality Calm Magnesium Supplement Plaintiff consumed was defective and unreasonably dangerous when she purchased it because it contained a piece of plastic within the powder separate from the scoop used to put the powder in a water bottle.

28. Due to Defendant's Natural Vitality Calm Magnesium Supplement containing the piece of plastic being in the container, the piece of plastic became lodged in Plaintiff's throat. Plaintiff was unable to breathe and choked on the piece of plastic until she was able to expel it.

29. Defendant breached its duty to provide a product free from defects. Defendant's defective product was the proximate cause of Plaintiff's injuries.

30. Defendant's defective product had a direct impact on Plaintiff. Plaintiff suffered physical injury when having the plastic lodged in her throat.

31. On or about September 9, 2023, Plaintiff went to her primary care physician. During the doctor's visit, Plaintiff described the events from on or about December 20, 2022. Plaintiff's doctor diagnosed her with post-traumatic stress disorder from the events on or about December 20, 2022. Plaintiff's nightmares and stress continue.

32. Plaintiff has suffered economic harm that includes, but is not limited to, medical bills. Plaintiff has suffered emotional harm as she has recurring nightmares of choking.

33. Plaintiff seeks compensatory damages and all other damages available by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Erin Dodson, respectfully requests judgment against Defendant in a sum sufficient to compensate her for her injuries, damages, and losses, together with the costs of this action and all other just and proper relief in the premises.

## VII. JURY DEMAND

Plaintiff, by counsel, hereby requests that trial of this matter be tried by a jury.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

/s/ Cody D. Woods
Rachel J. Guin, Atty. No. 31722-02
Cody D. Woods, Atty. No. 38424-02
505 E. Washington Blvd.
Fort Wayne, Indiana 46802
Telephone: (260) 422-9454
Facsimile: (260) 422-1622
rguin@rothberg.com
cwoods@rothberg.com
Attorneys for Plaintiff